UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15 CR 525 RLW |
| | ) | |
| DARIUS ROSE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DETENTION ORDER**

Defendant Darius Rose came before the court on December 2, 2015, for a detention hearing on motion of the United States (Doc. 5) that defendant be detained until trial under the Bail Reform Act of 1984, 18 U.S.C. § 3142.

Defendant Rose is charged by indictment with two co-defendants with conspiracy to distribute marijuana (Count 1); possessing and brandishing a firearm in furtherance of the Count 1 drug trafficking crime (Count 2); conspiracy to kidnap and hold for ransom another and transport the victim in interstate commerce (Count 3); and possessing and brandishing a firearm in furtherance of the Count 3 crime of violence (Count 4).   The court is advised that conviction on Count 1 carries a statutory punishment of imprisonment for not more than 5 years; Counts 2 and 4 not less than 7 years to life imprisonment consecutive to all other sentences; and Count 3 up to life imprisonment.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (quoting United States v. Orta, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

At the detention hearing, the parties had no disagreement with the facts set forth in the written report of the pretrial services officer, dated December 1, 2015 (Doc. 24).  Therefore, the undersigned hereby adopts and incorporates by reference into this detention order the facts set forth in this pretrial services report.

The grand jury found probable cause to believe that, during the Count 3 crime of conspiracy to kidnap, defendant Rose, while wearing a ski mask, confronted the kidnap victim with an assault rifle and threatened to blow his brains out; defendant Rose and a co-defendant ordered the victim to the floor, took the victim's belongings, while a co-defendant bound the victim's hands and feet; defendant and the co-defendants held the victim captive for several days during which they contacted the victim's father and demanded ransom; the defendants transported the victim in a vehicle driven by defendant Rose who had a handgun moving him to another residence where they continued to hold him captive for ransom; and thereafter the defendants transported the victim to this district and released him telling him not to look back.   (Doc. 1 at 4.)

For the reasons set forth in the record of the case, including the statements of counsel at the detention hearing, and the pretrial services report, the undersigned finds and concludes by clear and convincing evidence that the release of defendant Darius Rose upon his own recognizance, an unsecured appearance bond, or any condition or combination of conditions of release will not reasonably protect the public and such release will not reasonably assure his appearance in court when required.   18 U.S.C. § 3142(b), (c),

Thereupon,,

**IT IS HEREBY ORDERED** that the motion of the government for the pretrial detention of defendant Darius Rose (Doc. 5) is sustained.   Defendant Rose is committed to the custody of the Marshals Service until further order.

**IT IS FURTHER ORDERED** that defendant be confined in a corrections facility, separate, to the extent practicable, from persons awaiting trial, serving sentences, or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that defendant be allowed reasonable opportunity for consultation with counsel.

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

  /S/    David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 3, 2015.

3